**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Timothy D. DeMaria

       v.                         Case No. 25-cv-428-LM-AJ

New Hampshire Judicial Branch
Administrative Office of the
Courts, et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff Timothy DeMaria filed a Motion for Entry of Default Judgment, in which he seeks entry of default and a default judgment against Defendants pursuant to Fed. R. Civ. P. 55. Doc. No. 9. Defendants' counsel has filed an appearance (Doc. No. 6) and objects to Plaintiff's Motion. Doc. No. 11. For the reasons stated, the court recommends that the district judge deny Plaintiff's Motion.

"[T]he entry of default judgment in federal court is governed by Federal Rule of Civil Procedure 55." Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2007). "Rule 55 outlines a two-step process." Dmitriev v. Mann, No. 1:21-CV-40068-NMG,

---

[1] In the Complaint (Doc. No. 1), Plaintiff identifies the following defendants to this action: New Hampshire Judicial Branch Administrative Office of the Courts; New Hampshire Circuit Court, 9th Cir., Manchester ("Manchester Circuit Court") Clerk Mary A. Barton; (former) New Hampshire Circuit Court Administrative Judge David A. King; and (former) Manchester Circuit Court Administrator Sarah H. Freeman, Esq. Plaintiff sues Clerk Barton, Judge King, and Ms. Freeman in their official capacities.

2023 WL 2988644, at *6 (D. Mass. Mar. 10, 2023); see Aho v. Deutsche Bank Nat'l Tr. Co. as Tr. Certificateholders of HSI Asset Securitization Corp. Tr. 2007-NC1 Tr., Mortg. Pass Through Certificates, Series 2007-NC1, No. 23-cv-454-JL-TSM, 2024 WL 2939168, at *2-3 (D.N.H. Apr. 30, 2024), R & R adopted, 2024 WL 3274724 (D.N.H. June 28, 2024).

First, under Rule 55(a), the clerk must enter a party's default when the moving party has "shown by affidavit or otherwise," that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). "Only after the clerk has entered a default under Rule 55(a), may a default judgment be entered under Rule 55(b)(1) or 55(b)(2)." Aho, 2024 WL 2939168, at *2. The Clerk has not entered default in this case. Accordingly, Plaintiff has not shown he is entitled to entry of judgment under Fed. R. Civ. P. 55(a).

Moreover, entry of default is not appropriate in this case. "[I]f defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 at 18 (4th ed. 2016). Counsel for Defendants filed an appearance and timely objected to Plaintiff's Motion. At this stage, the court cannot say that Defendants lack desire to contest the action and that entry of

default, or default judgment, is warranted.  Niemic v. Maloney, 409 F. Supp. 2d 32, 37 (D. Mass. 2005) ("Default judgments entered pursuant to Fed. R. Civ. P. 55 are intended to protect diligent parties whose adversaries are clearly unresponsive.").

## Conclusion

For the reasons stated, the district judge should deny Plaintiff's request for entry of default and default judgment. Doc. No. 9.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

January 12, 2026

cc:  Timothy D. DeMaria, pro se
     Counsel of Record